IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 01-75
)
JOSEPH DAVID ZEMBA, )
)
Defendant/petitioner. )

O R D E R

AND NOW, this 10th day of March, 2009, upon consideration of Petitioner Joseph David Zemba's pro se "Petition . . . for a Writ of Audita Querela" (document No. 116) filed in the above captioned matter on May 19, 2008, and Supplement[1] thereto (document No. 120) filed in the above captioned matter on August 8, 2008, and upon further consideration of the Government's Response thereto (document No. 118),

IT IS HEREBY ORDERED that Petitioner's Petition is DISMISSED with prejudice for lack of jurisdiction.

On August 2, 2001, Petitioner was convicted by a jury of one count of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). On October 11, 2001, this Court, having found Petitioner

---

[1] Although this document is titled as a Petition to Supplement the original Petition, after review, the Court has determined that it is, in fact, a Supplement to the Petitioner's Petition for a Writ of Audita Querela and, therefore, has treated it as such.

1

to be an armed career criminal subject to the enhanced penalty provisions of Section 924(e), sentenced Petitioner to a term of imprisonment of 293 months, to be served consecutive to the state sentence that Petitioner was then serving, and a term of supervised release of 5 years. Petitioner appealed, and his appeal was denied on February 28, 2003. Petitioner's request for a writ of certiorari was denied on October 6, 2003.

After having filed a preliminary motion under 28 U.S.C. § 2255, Petitioner withdrew his original motion and filed, on February 14, 2005, an all-inclusive pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and brief in support thereof (Doc. No. 108). On March 5, 2007, the Court denied Petitioner's Section 2255 motion (Doc. No. 114). Petitioner now has filed the present petition seeking a modification of his sentence pursuant to a writ of audita querela.

A Section 2255 motion is the presumptive means for a federal prisoner to challenge his or her sentence or conviction. See Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 provides that a writ of habeas corpus shall not be entertained unless a 2255 motion would be inadequate or ineffective to test the legality of detention. See also In re

2

Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). However, a 2255 motion is not inadequate or ineffective merely because the prisoner cannot meet the gate keeping requirements of Section 2255. See Hazard, 206 Fed. Appx. at 236; Okereke, 307 F.3d at 120. Accordingly, the fact that a defendant has previously filed a Section 2255 motion and faces strict requirements regarding a second or successive 2255 motion does not entitle him to separate relief. Shelton, 201 Fed. Appx. at 124; United States v. Brooks, 230 F.3d 643, 647-48 (3d Cir. 2000).

Here, of course, Petitioner is not purporting to file a motion for habeas corpus pursuant to 28 U.S.C. § 2241. Instead, he invokes the common law writ of audita querela. A writ of audita querela, which is Latin for "the complaint having been heard," is "an ancient writ used to challenge a judgement that, while justified at the time it was rendered, has been placed in question by subsequently discovered evidence or by a new legal defense." McCrory v. United States, 2008 WL 5381358, at *1 (E.D. Pa. Dec. 23, 2008) (citing Black's Law Dictionary 141 (8th ed. 2004)). Nonetheless, the distinction is of no moment in this case.

The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority for courts to issue writs not covered by statute, including a writ of audita querela, in exceptional circumstances. See Pennsylvania Bureau of Correction v. United

3

States Marshals Serv., 474 U.S. 34, 43 (1985); United States v. Sanchez, 2009 WL 389365 (3d Cir. Feb. 18, 2009); Hazard, 206 Fed. Appx. at 236. The writ of audita querela survives only to the extent that it fills in gaps in the current system of post-conviction relief. See Sanchez, 2009 WL 389365 at *1. As with a motion seeking habeas relief, Petitioner may not circumvent the valid congressional limitations on collateral attacks set forth in Section 2255 by arguing that those limitations create a gap in post-conviction remedies that must be filled by common law writs, such as a writ of audita querela. See Hazard, 206 Fed. Appx. at 236; United States v. Paster, 190 Fed. Appx. 138, 139 (3d Cir. 2006). He still cannot establish that Section 2255 is inadequate or ineffective by the mere fact that he is precluded from filing a second or successive petition. See Sanchez, 2009 WL 389365, at *1; Shelton, 201 Fed. Appx. at 124; Paster, 190 Fed. Appx. at 139; United States v. Hannah, 174 Fed. Appx. 671, 673 (3d Cir. 2006).

It is clear that the issues raised by Petitioner in his petition and supplement thereto regarding Shepard v. United States, 544 U.S. 13 (2005), and District of Columbia v. Heller, 128 S. Ct. 2783 (2008), are cognizable under Section 2255. See Tracy v. Williamson, 152 Fed. Appx. 234, 235 (3d Cir. 2005).[2]

---

[2] As for Petitioner's Heller claim, the Court points out that Heller did not address the constitutionality of the statute under which Petitioner was convicted; to the contrary, the Supreme Court explicitly stated that the individual right to possess a firearm, unconnected with
(continued...)

4

Other than citing to Kessack v. United States, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), a non-binding decision the rationale of which this Court does not find persuasive, Petitioner does not explain why he believes that Section 2255 is inadequate or ineffective in this case. He appears to acknowledge the fact that he has previously filed a Section 2255 motion and is, therefore, limited in his ability to assert his new arguments under that section, but, as discussed above, the mere fact that he cannot meet the gate keeping requirements of Section 2255 does not allow him to seek alternative forms of relief. The Kessack decision suggests that the inapplicability of retroactive application of a new rule upon collateral review creates a "gap" in Section 2255 remedies which an audita querela petition may fill. However, the Third Circuit has held differently in the unreported decisions addressing the issue, holding that the fact that such rules cannot be applied retroactively does not create a gap in post-conviction remedies. See Shelton, 201 Fed. Appx. at 124; Hannah, 174 Fed. Appx. at 673. This Court agrees that establishing the

---

²(...continued)
service in a militia, and to use the firearm for traditionally lawful purposes, such as lawful self-defense within the home, is "not unlimited." 128 S. Ct. at 2816. Specifically, the Supreme Court stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Id. at 2816-17. This Court, therefore, would find, on the merits, that Heller offers no relief to Petitioner. However, to the extent that Heller were to be construed as invalidating laws regarding the possession of firearms by felons, such a claim would be one that could be raised under Section 2255 assuming that the gate keeping requirements had been met.

5

retroactivity of the rule relied upon is part of Section 2255's valid gate keeping requirements and creates no gap in Section 2255's reach.

Indeed, Section 2255 sets forth the process by which a defendant should raise claims based on retroactive law. Section 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2255 does, therefore, provide Petitioner with an avenue for raising his claims if the cases on which he relies are indeed retroactive to his case. However, Petitioner has not obtained the requisite certification from the Third Circuit Court of Appeals to file a new Section 2255 motion.[3]

---

[3] It should be noted that Petitioner argues that Shepard and Heller are retroactive in this case. However, it appears that Shepard, at least, is not retroactive on collateral review. See United States v. Armstrong, 151 Fed. Appx. 155 (3d Cir. 2005); Corey v. United States, 221 Fed. Appx. 1 (1st Cir. 2007). The Court further notes that, as stated above, it does
(continued...)

In sum, the claim that the gate keeping requirements of Section 2255 create a gap in post-conviction remedies fails as a matter of law. The retroactivity of the rules upon which Petitioner relies can be determined under Section 2255, and, in any event, the non-retroactivity of the rules does not warrant relief pursuant to a writ of audita querela. Accordingly, there is no basis for the Court to find that Section 2255 is inadequate or ineffective in this case. As such, Petitioner must seek relief pursuant to that section. Since, as noted, Petitioner has already filed a Section 2255 motion, and has not obtained Third Circuit certification to file a second or successive one, this Court lacks jurisdiction to consider Petitioner's claims.

Therefore, for the reasons stated herein, Petitioner's petition is dismissed with prejudice.[4]

/s/ Gustave Diamond
United States District Judge
(For Judge Alan N. Bloch)

---

[3] (...continued)
not believe that <u>Heller</u> stands for the proposition for which Petitioner cites it or that it provides any grounds for relief in this case. In any event, to the extent that either case becomes retroactive in Petitioner's case, he is free to seek Third Circuit certification to file a new motion pursuant to Section 2255.

[4] It is further noted that Petitioner's motion for summary judgment due to a lack of a Government response to his petition is without basis and is denied.

7

ecf:      Counsel of record

cc:       Joseph David Zemba, #07109-068
          U.S.P. Florence
          P.O. Box 7000
          Florence, CO 81226